IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARIUS DICKERSON,**<br>**#17304,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**LAWRENCE CC,**<br>**JANE DOE 1,** *Mail Room Supervisor,*<br>*Lawrence CC,* and<br>**JANE DOE 2,** *Mailroom Staff,*<br><br>　　　　　　**Defendants.** | Case No. 3:19-cv-1129-GCS |

## MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**[1]

Plaintiff Darius Dickerson, an inmate in the Illinois Department of Corrections ("IDOC"), who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He claims that, during his incarceration at Lawrence, his legal and non-legal mail has been delayed, lost, and/or mishandled. He seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed.

---

[1] 　　The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that since arriving at Lawrence in November 2018, he has "experienced problems sending and receiving mail." (Doc. 1, p. 10). According to Plaintiff, multiple pieces of personal mail from friends and family, including photographs from his girlfriend, have been lost, stolen, or returned to the sender. (Doc. 1, p. 10-12). Plaintiff also claims that delivery of incoming and outgoing legal and non-legal mail is often delayed by up to five weeks. *Id.* Finally, Plaintiff alleges that outgoing mail addressed to his attorney has been lost, and that because mail is regularly mishandled by Lawrence officials, he has missed deadlines in court proceedings. *Id.*

## PRELIMINARY DISMISSALS

Two of the defendants identified in Plaintiff's case caption, Lawrence Correctional Center and Jane Doe 2 (Mailroom Staff), are subject to dismissal for two reasons. First, Plaintiff does not describe how either defendant violated his constitutional rights. In fact, neither defendant is referenced in the statement of claim. This is insufficient. *See, e.g., Collins v. Kibort*, 143 F.3d 331, 335 (7th Cir.1998)(noting that a plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption). Second, Lawrence Correctional Center, a state entity, is not a proper party because it is not a "person" amendable to suit under section 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Likewise, Jane Doe 2 (Mailroom Staff) is not an appropriate defendant. While a plaintiff may use the "Doe" designation to refer to specific individuals

whose names are unknown, a plaintiff will run afoul of the pleading standards in *Iqbal* and *Twombly* by merely asserting that groups of staff violated his constitutional rights. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. Proc. 8(a)(2). Vague references to a group of staff, without specific allegations tying an individual defendant to the alleged unconstitutional conduct, do not meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. For these reasons, Lawrence Correctional Center and Jane Doe 2 (Mailroom Staff) are dismissed from this action.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following two Counts:

**Count 1:** First Amendment claim regarding lost, delayed, and/or mishandled mail.

**Count 2:** First and/or Fourteenth Amendment access to the courts claim regarding interference with and/or mishandling of mail to and from the courts and/or to and from Plaintiff's attorney.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

### Count 1

Plaintiff alleges that his incoming and outgoing mail is often delayed, lost, or otherwise mishandled. A continuing pattern or repeated occurrences of mail interference may state a viable constitutional claim. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). In the instant case, however, the allegedly unconstitutional conduct is not associated with any specific individuals or defendants. Absent this information, Plaintiff has failed to allege personal involvement as to any defendant that is sufficient to state a claim. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Additionally, without identifying who is responsible for the alleged violation, the Complaint does not provide the type of notice contemplated under Rule 8. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Accordingly, Count 1 will be dismissed without prejudice for failure to state a claim.

### Count 2

As with Count 1, the allegations in Count 2 are not associated with any particular defendant. As a result, Count 2 fails to allege personal involvement sufficient to state a claim. Additionally, the substantive allegations in Count 2 fail to state a claim. To maintain a claim for denial of access to the courts, a plaintiff must demonstrate some hindrance to his ability to prosecute a meritorious legal claim. No constitutional claim is stated unless the element of prejudice is met. *See Guajardo-Palma v. Martinson*, 622 F.3d

---

[2] *See, e.g., Twombly*, 550 U.S. at 570 (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

801, 805-806 (7th Cir. 2010). Here, Plaintiff generally alleges that he missed deadlines or was otherwise harmed in unspecified legal proceedings. General allegations of prejudice, however, are not sufficient to state a claim. *See Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003), abrogation on other grounds recognized by, *Clark v. United States*, No. 08-3737, 360 Fed. Appx. 660, 662 (7th Cir. Dec. 22, 2009). Plaintiff also claims that mail delays resulted in dismissal of a civil rights action he was pursuing in the Northern District of Illinois (Case No. 19-cv-03973). But a review of the docket in that case reveals that the subject dismissal was vacated and that the case is still pending. *See Dickerson v. Pfister, et al.*, (N.D. of Ill. 19-cv-03973, Doc. 13).

Accordingly, Count 2 will be dismissed without prejudice for failure to state a claim.

### Motion for Recruitment of Counsel

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. A district court considering an indigent[3] plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013)(citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Neither of these requirements is satisfied. Plaintiff has not demonstrated reasonable efforts to locate counsel on his own, and he identifies no significant impediments to self-representation. The complexity of this case

---

[3] The Court also notes that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* was denied because Plaintiff had sufficient funds to pay the $400.00 filing fee. (Doc. 5). Accordingly, it is not clear that Plaintiff is unable to afford counsel on his own.

does not exceed Plaintiff's capacity to litigate it, given his level of education ("some college") and his ability to file coherent pleadings. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and addresses of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

**IT IS ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim for relief. The Clerk of Court is DIRECTED to TERMINATE Lawrence Correctional Center and Jane Doe 2 (Mailroom Staff) as defendants in the Court's Case Management/Electronic Case Filing ("CM/ECF") System.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 24, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01129-GCS). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank

civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 26, 2020.**

Digitally signed by Judge Sison
Date: 2020.06.26 14:57:41 -05'00'

GILBERT C. SISON
United States Magistrate Judge