IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARIUS DICKERSON, #Y17304,

      Plaintiff,

v.

JANE DOE 1, *Mail Room Supervisor, Lawrence CC*, and
**WARDEN OF LAWRENCE CORRECTIONAL CENTER,**

      Defendants.

Cause No. 3:19-cv-01129-GCS

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:[1]**

Plaintiff Darius Dickerson, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights that occurred while he was incarcerated at Lawrence Correctional Center ("Lawrence"). He claims that his legal and non-legal mail has been mishandled. He seeks monetary damages.

Following preliminary review under 28 U.S.C. § 1915A, Plaintiff's Complaint was dismissed for failure to state a claim for relief. He was granted leave to file a First Amended Complaint, which is now before the Court for review under Section 1915A. Any portion of a complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See*

---

[1] The Court has jurisdiction to screen Plaintiff's Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction, as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

28 U.S.C. § 1915A(b).

## THE FIRST AMENDED COMPLAINT

Plaintiff alleges in his First Amended Complaint (Doc. 12) that since arriving at Lawrence in November 2018, he has "experienced problems sending and receiving mail." Multiple pieces of personal mail from friends and family, including photographs, have been lost, stolen, returned to the sender, or delayed by several months. He has written several requests slips and grievances on these issues. The mailroom supervisor has the responsibility to ensure that all inmate mail is handled properly and was made aware of Plaintiff's mail issues.

In accordance with the inmate handbook, when an inmate leaves the facility on a writ, personal mail is held for thirty days. The mailroom supervisor handles the mail for inmates away on writs. The supervisor is provided a list of inmates away on writs and who have returned from writs. Plaintiff was never away from Lawrence for longer than three weeks. Each time he returned from a writ, Plaintiff would send a request slip for his mail to the mailroom supervisor, but he did not receive his personal mail.   The mail Plaintiff did receive from businesses or the courts was delayed by two to five weeks, and because of the delay, he missed court deadlines.

On one occasion, mail Plaintiff sent to a court was not received and, as a result, his case was dismissed. The dismissal was later vacated. On two occasions, Plaintiff sent letters to his defense attorney that she did not receive. A letter to his attorney was opened and returned to him. There was a notice signed by the mailroom supervisor stating it was not properly addressed because he omitted the word "attorney" in the mailing address. Plaintiff corrected the issue and mailed it again, but his attorney did not receive the letter.

Plaintiff's family and friends stopped writing him because their mail was returned to them and, as a result, he lost an important part of his support system. The frustration of the mishandling of his mail caused him mental health issues. Some things even felt like retaliation.

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following claims:

> Count 1: First Amendment claim against Jane Doe regarding lost, stolen, delayed, and/or mishandled mail.
>
> Count 2: First and/or Fourteenth Amendment access to the courts claim against Jane Doe for interfering with and/or mishandling of mail to and from the courts and/or to Plaintiff's attorney.
>
> Count 3: First Amendment retaliation claim against Jane Doe.

Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face."

## DISCUSSION

### Count 1

A continuing pattern or repeated occurrences of mail interference may state a viable First Amendment claim. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). The Complaint alleges sufficient allegations to proceed on the claim in Count 1 against

Jane Doe.

### Count 2

To maintain a claim for denial of access to the courts, a plaintiff must demonstrate some hindrance to his ability to prosecute a meritorious legal claim. No constitutional claim is stated unless the element of prejudice is met. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-806 (7th Cir. 2010). Here, Plaintiff generally alleges that he missed deadlines or was otherwise harmed in unspecified legal proceedings. General allegations of prejudice, however, are not sufficient to state a claim. *See Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003), abrogation on other grounds recognized by, *Clark v. United States*, No. 08-3737, 360 Fed. Appx. 660, 662 (7th Cir. Dec. 22, 2009). Plaintiff also claims that the missing or delayed mail resulted in dismissal of a civil rights action he was pursuing in the Northern District of Illinois (Case No. 19-cv-03973). However, he admits, and a review of the docket shows, that the subject dismissal was vacated and that the case is still pending. *See Dickerson v. Pfister, et al.,* (N.D. of Ill. 19-cv-03973, Doc. 13). Accordingly, Count 2 will be dismissed without prejudice for failure to state a claim.

### Count 3

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Plaintiff alleges only

that "some things even felt like retaliation." This allegation is insufficient to state a claim. *See, e.g., Twombly*, 550 U.S. at 570 (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (stating that "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements"). Accordingly, Count 3 will be dismissed without prejudice for failure to state a claim.

### IDENTIFICATION OF DOE DEFENDANT

The Warden of Lawrence Correctional Center will be added as a defendant, in his or her official capacity only, for purposes of responding to discovery aimed at identifying the Doe Defendant. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); FED. R. CIV. PROC. 21. Guidelines for discovery will be set by the undersigned judge. Once the name of the Doe Defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

### DISPOSITION

Count 1 will proceed against Jane Doe. Counts 2 and 3 are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Lawrence Correctional Center, in his or her official capacity, as a defendant for purposes of responding to discovery aimed at identifying the Doe Defendant.

The Clerk shall prepare for the Warden of Lawrence Correctional Center (official capacity only), and once identified, Jane Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The

Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant Jane Doe until such time as Plaintiff has identified her by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendant is **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant only needs to respond to the issues stated in this Merit Review Order. Because the Warden of Lawrence Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the First Amended Complaint. The Warden only needs to enter an appearance

and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:   November 3, 2020.**

Digitally signed by Judge Sison 2
Date: 2020.11.03 10:22:38 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve Defendant with a copy of your First Amended Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions and to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.