UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARIUS DICKERSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-01129-GCS |
| | ) |
| **HEATHER CECIL,** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter is before the Court on Cecil's motion to vacate entry of default. (Doc. 42). On January 13, 2021, Cecil's waiver of service was returned executed with an answer due March 8, 2021. (Doc. 30). Cecil did not file a responsive pleading by that date. Accordingly, the Clerk of the Court entered default against Cecil on March 23, 2021. (Doc. 32). Plaintiff filed the motion for default judgment on March 26, 2021. (Doc. 33). Counsel entered an appearance for Cecil on March 31, 2021. (Doc. 34). Thereafter on April 7, 2021, Cecil filed the motion to set aside entry of default. (Doc. 36).

Pursuant to Fed. R. Civ. Proc. 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). The standard for

setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *See Cracco*, 559 F.3d at 631.

Defendant acted quickly to resolve the issue as counsel filed a motion to set aside the default twelve days after the Clerk's entry of default was filed. Further, Cecil has demonstrated good cause in that she submitted the waiver of service and requested representation from the facility's litigation coordinator; however she mistakenly thought that was all she had to do and that the Attorney General's office would contact her. Lastly, Cecil has presented a meritorious defense in that she did not mishandle Plaintiff's mail and that Plaintiff failed to exhaust his administrative remedies. (Doc. 36). Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Cecil has met the requirements of Rule 55(c).

Accordingly, the Court **GRANTS** the motion to set aside entry of default. (Doc. 36). Further, the Court **GRANTS** Cecil's motion to respond to Plaintiff's amended complaint. (Doc. 37). The Court **ALLOWS** Cecil up to and including May 7, 2021 to respond to the amended complaint. Lastly, the Court **DENIES as moot** Plaintiff's motion for default judgment. (Doc. 33).

**IT IS SO ORDERED.**

**Date:  April 23, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.04.23 12:56:29 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**